UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00591-RGK-KK | Date | June 2, 2020 |
|---|---|---|---|
| Title | ***PEDRO HERNANDEZ v. NEW BALANCE ATHLETICS, INC. et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 14)

## I. INTRODUCTION

On February 10, 2020, Pedro Hernandez ("Plaintiff") filed a complaint against New Balance Athletics, Inc., et al ("Defendants") in state court, alleging statutory and common law claims related to discrimination, retaliation, and harassment in the workplace. On March 23, 2020, Defendants removed this action to federal court based on federal question jurisdiction.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following:

Plaintiff was a warehouse worker, employed by Defendants as a temporary agency employee. Plaintiff had worked for Defendants on and off for several years. Most recently, before his termination, Plaintiff was called back to work in August 2017. Plaintiff suffered from physiological and medical conditions requiring medical care, treatment, and leave. As a result, Plaintiff took time off. When he returned, his doctor had placed him on medical restrictions, and Plaintiff obtained workplace accommodations. Beginning December 2018, Plaintiff's supervisor took issue with Plaintiff's taking breaks early to attend to his medical needs, and reported this activity to other supervisors. In February 2018, Plaintiff's supervisor confronted Plaintiff for taking an early break to attend to his medical needs. An altercation erupted, for which Plaintiff was suspended. Days later, Defendants informed Plaintiff that he need not report back to work, as his assignment had ended.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00591-RGK-KK | Date | June 2, 2020 |
|---|---|---|---|
| Title | *PEDRO HERNANDEZ v. NEW BALANCE ATHLETICS, INC. et al* | | |

### III. JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(g). Original jurisdiction exists either when a claim "aris[es] under the Constitution, laws, or treaties of the United States" or when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331–32. Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of evidence that removal is proper. *Id.* at 566.

### IV. DISCUSSION

Plaintiff argues that the action was improperly removed, as his complaint does not present a federal question. The Court disagrees.

Review of the complaint plainly shows that Plaintiff invoked federal law. Specifically, the fifth claim listed on the caption page states, "Violation of the Family Medical Leave Act/California Family Rights Act . . . ." Moreover, in the body of the complaint, under the "Fifth Cause of Action," Plaintiff again includes in the title, "Violation of the Family Medical Leave Act." (Complaint, pgs. 16-17.) The claim, itself, states, "Plaintiff worked at a location where at least fifty (50) employees were employed by Plaintiff's employer within 75 miles and therefore *comes under the jurisdiction and regulations of the Family Medical Leave*." (Complaint ¶ 56 (emphasis added).)

Plaintiff argues that while he has made passing reference to the federal counterpart to the California Family Rights Act, his allegations in the fifth claim are based entirely on the California Civil Jury Instructions (CACI) No. 2600 *et seq*, entitled, "California Family Rights Act." The Court is unconvinced. Not only does the complaint list the Family Medical Leave Act within the title of the claim, it expressly invokes jurisdiction under the law. As long as those components of the complaint remain, the claim presents a federal question. Should Plaintiff obtain leave, and successfully amend his complaint to bring the fifth claim under California law only, remand may be proper. Until such time, the action is properly within the jurisdiction of the federal courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00591-RGK-KK | Date | June 2, 2020 |
|---|---|---|---|
| Title | *PEDRO HERNANDEZ v. NEW BALANCE ATHLETICS, INC. et al* | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

                                                                                                                                                                            _____ : _____

Initials of Preparer        _____